IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON JACKSON, #311380, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-860-WHA |
| | ) | |
| KILBY CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action challenging an incident which occurred at the Kilby Correctional Facility on September 16, 2018. Doc. 1 at 4. However, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis* nor did he submit the required documentation from the inmate account clerk at Kilby regarding the average monthly deposits and average monthly balance in his inmate account for the six-month period prior to filing this case. Thus, the documents filed by Plaintiff failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of fees in this cause of action.

Based on the foregoing, the court entered an order requiring that on or before October 19, 2018 Plaintiff "submit an inmate account statement reflecting the average monthly balance in his prison account and the average monthly deposits to his account for the 6-month period immediately preceding the filing of the instant complaint." Doc. 3 at 1. This order further "cautioned [Plaitnff] that his failure to comply with this Order

will result in a Recommendation by the undersigned that this case be dismissed[.]" Doc. 3 at 2.

Plaintiff failed to file a response to this order within the time prescribed by the court. Thus, an order was entered directing Plaintiff to show cause "why he . . . failed to file his account information as directed by the [prior] order[.]" Doc. 4. The court again advised Plaintiff "that if he fails to comply with this order the Magistrate Judge will recommend . . . that this case be dismissed." Doc. 4. The time for Plaintiff to file a response to this order expired on November 13, 2018.

As of the present date, Plaintiff has failed to file the requisite financial information pursuant to the orders issued in this case. Absent either pre-payment of the applicable fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").

"The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file necessary financial information as ordered by this court.

On or before **December 11, 2018**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of November, 2018.

                                        /s/ Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE